# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Geovani Francisco FLORES OBANDO, | : | |
| | : | |
| Petitioner, | : | |
| | : | PETITION FOR |
| | : | WRIT OF HABEAS |
| | | CORPUS |
| | : | |
| v. | : | No. 25-6474 |
| | : | |
| PAMELA BONDI, Attorney General of the United States, in her official capacity, et al., | : | |
| | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

Petitioner Geovani Francisco Flores Obando filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Flores Obando is currently detained by Immigration and Customs Enforcement ("ICE")

1

pursuant to the mandatory detention provision in Section 235 of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1225(b)(2). Mr. Flores Obando alleges that his detention is unlawful because Section 235 does not apply to individuals like him: noncitizens who are residing in the United States. As a person who has been living in the United States since September 2022, Mr. Flores Obando argues that he should have been detained, if at all, under Section 236 of the INA. 8 U.S.C. § 1226(a). Consequently, he asserts that he is entitled to a bond hearing before a neutral adjudicator.

In recent months, numerous district courts have addressed the same issue raised in Mr. Flores Obando's Petition. At least 282 decisions from district courts—including six other members of this court—find that the application of Section 1225(b)(2)(A) to noncitizens residing in the United States is unlawful. *See Demirel v. Fed. Det. Ctr. Phila., et al.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (attaching an appendix citing 282 decisions rejecting Respondents' interpretation of the INA); *see also Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa.

Nov. 13, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399
(E.D. Pa. Nov. 14, 2025); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL
3229307 (E.D. Pa. Nov. 19, 2025); *Centeno Ibarra v. Warden of the Fed.
Det. Ctr., et al.*, No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25,
2025); *Buele Morocho v. Jamison, et al.*, No. 25-5930, 2025 WL 3296300
(E.D. Pa. Nov. 26, 2025)..   I agree with the reasoning of my colleagues
and these other district courts.[1]   Mr. Flores Obando's Petition is
**GRANTED**.

## I.    BACKGROUND

Mr. Flores Obando is a citizen of Nicaragua.  Petition, ECF No. 1, ¶
26.   He and his wife experienced political persecution in their home
country due to their opposition to the anti-democratic policies of the
authoritarian Nicaraguan government.  *Id.* ¶ 27.  They publicly advocated
for democratic reforms, freedom of expression, and the protection of civil

---

[1] Because the Court finds that Mr. Flores Obando's detention without a bond
hearing violates the INA, the Court does not address Mr. Flores Obando's
arguments that his detention also violates the Administrative Procedure Act and the
Due Process Clause. *Id.* at 22-24.

liberties in Nicaragua. *Id.* ¶ 28.   As a result of their advocacy, Mr. Flores Obando and his family faced targeted threats from Nicaraguan state actors. *Id.* ¶ 29.   In September 2022, Mr. Flores Obando and his family fled to the United States to seek safety and protection. *Id.* ¶ 30.

Upon his entry to the United States, Mr. Flores Obando turned himself in to border authorities. *Id.*   Subsequent to his apprehension, ICE released Mr. Flores Obando contingent upon his enrollment and successful participation in an Alternatives to Detention Program.[2] *Id.*, Ex. A.   Since his release, Mr. Flores Obando has always complied with the conditions of his supervision program.   *Id.* ¶ 30.   He lives in Reading, Pennsylvania with his wife and three children.   *Id.* ¶ 32.   Mr. Flores Obando and his family timely and lawfully filed an I-589 Application for Asylum with the United States Citizenship and Immigration Services ("USCIS").   *Id.* ¶ 33.   As far as the Court knows, Mr. Flores Obando and

---

[2] The ICE Alternatives to Detention Program subjects noncitizens to electronic monitoring in lieu of detention pending removal proceedings. *Id.* Ex. A.

his family have not violated the terms of their stay in any way and have never engaged in criminal activity. *Id.* ¶ 34-35.

On or about November 7, 2025, while he was attending a routine immigration supervision appointment, Department of Homeland Security ("DHS") agents issued Mr. Flores Obando a Form I-200 Warrant for Arrest of Alien, authorizing his arrest pursuant to Sections 236 and 287 of the INA and 8 C.F.R. § 287.[3] *Id.*, Ex. D. DHS agents also issued him a Form I-286 Notice to Appear in Removal Proceedings under Section 240 of the INA. *Id.* That same day, Mr. Flores Obando was taken into immigration custody. *Id.* ¶ 38. He is currently being held at the Philadelphia Federal Detention Center. *Id.*, Ex. D. While in detention, Mr. Flores Obando has not received prescribed medication for a serious

---

[3] Respondents now argue that Mr. Flores Obando is detained pursuant to Section 235 of the INA, 8 U.S.C. § 1225(b)(2), a provision that authorizes mandatory detention of noncitizens, but the arrest warrant issued to Mr. Flores Obando provides that his arrest is pursuant to Section 236 of the INA, 8 U.S.C. § 1226, a provision that authorizes discretionary detention of noncitizens. *See* Respondents' Opposition Brief, ECF No. 6, at 1.

and incurable medical condition that requires consistent and specialized medical care. *Id.* ¶ 42-43; *Id.*, Ex. C.

On November 14, 2025, Mr. Flores Obando filed the instant Petition, seeking his release or, in the alternative, the scheduling of a bond hearing. *Id.* at 25. Respondents oppose habeas relief. Respondents' Opposition Brief, ECF No. 6.

## II. DISCUSSION

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States ... in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

Respondents argue that the Court lacks jurisdiction to hear Mr. Flores Obando's claims per 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(a)(2)(B)(ii). As my colleagues have explained, none

of these statutes are applicable to the instant Petition. *Demirel*, 2025 WL 3218243, at *2-3; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *3-4. There is no jurisdictional bar to reviewing Mr. Flores Obando's Petition.

Respondents also assert that this Court should dismiss Mr. Flores Obando's claims because of his failure to exhaust administrative remedies. Again, I agree with my colleagues that exhaustion is not required because the issue presented involves only statutory construction, and exhaustion would be futile in light of the Board of Immigration Appeals' recent decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). *Demirel*, 2025 WL 3218243, at *3-4; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *4.

As for the merits of Mr. Flores Obando's Petition, the principal issue is whether his mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) is unlawful.[4] I concur with my colleagues that it is. Both the plain

---

[4] Section 1225(b)(2)(A) provides: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking

meaning of the text of Section 1225(b)(2)(A) and the statutory framework of the INA support the conclusion that the provision does not apply to noncitizens residing within the United States. *Demirel*, 2025 WL 3218243, at *4-5; *Cantu-Cortes*, 2025 WL 3171639, at *1-2; *Kashranov*, 2025 WL 3188399, at *5-7. Respondents can detain Mr. Flores Obando, if at all, under 8 U.S.C. § 1226(a).[5] *Demirel*, 2025 U.S. Dist. LEXIS 226877, at *5; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *5. Noncitizens detained pursuant to Section 1226(a) are entitled to apply for release on bond or conditional parole. *See* 8 C.F.R. § 1236.1(c)(8), (d); *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021). Therefore, Mr. Flores Obando's detention without opportunity for a bond hearing violates the INA.

## III. REMEDY

---

admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding …" 8 U.S.C. § 1225(b)(2)(A).

[5] Section 1226(a) provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any criminal offenses listed in section 1226(c). 8 U.S.C. § 1226(a).

As Judge Wolson did, I will order the release of Mr. Flores Obando because he was unlawfully detained without a bond hearing as required by Section 1226(a).  *Kashranov*, 2025 WL 3188399, at *8 (quoting *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (noting that a habeas court has "the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted."))  I will also permanently enjoin the Government from re-detaining Mr. Flores Obando under Section 1225(b)(2)(A) and temporarily enjoin the Government from re-arresting him under Section 1226(a) for seven days following his release to ensure the habeas remedy is effective.  If Mr. Flores Obando is later detained under Section 1226(a), the Government must provide Mr. Flores Obando with notice and an opportunity to be heard at a bond hearing before an Immigration Judge, who will assess whether he poses a flight risk or a danger to the community.

## IV.  CONCLUSION

I will grant Mr. Flores Obando's Petition for the same reasons as my colleagues on this Court. Mr. Flores Obando's mandatory detention without a bond hearing pursuant to Section 1225(b)(2) is unlawful. An appropriate order accompanying this opinion follows.

s/ANITA B. BRODY, J.
ANITA B. BRODY, J
December 1, 2025